IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**SENSE CORP.,**<br><br>    Defendant. | **CIVIL ACTION NO.: 6:21-cv-32**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Sense Corp. ("Sense" or "Defendant").

### PARTIES

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. Sense is a Texas company, having a principal place of business at 2731 Sutton Blvd., Suite 200, Saint Louis, MO 63143. Sense has three regular and established places of business in the State of Texas: Sense's Austin offices, located at 2500 Bee Cave Rd., Bldg. 3, Suite 100, Austin, TX 78746; Sense's Dallas offices, located at 16818 N. Dallas Parkway, Dallas, TX 75248; and Sense's Houston offices, located at 1700 Post Oak Blvd., 2 Blvd Place, Suite 600, Houston, TX 77056.

4. Defendant's Registered Agent for service of process in Texas is CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

### JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals throughout Texas and in this Judicial District specifically.

8. Defendant has a regular and established place of business – specifically, Defendant's Austin office at 2500 Bee Cave Rd., Bldg. 3, Suite 100, Austin, TX – located within the Western District of Texas:



9. Defendant has infringed, and does infringe, by transacting and conducting business within the Western District of Texas.

10. Defendant's offices in Austin, Texas are a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,426,730**

11. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

12. Defendant directly – and indirectly through partners, contractors, employees, divisions, branches, subsidiaries, and/or affiliates – made, used, operated, imported, provided, supplied, distributed, developed, customized, administrated, offered for sale, sold, and/or provided access to software systems, software as a service (SaaS), and/or platform(s) as a service (PaaS) for accessing, organizing, analyzing, storing, and managing data across multiple networked resources.

13. More specifically, Defendant's infringing instrumentalities include – <u>but are not limited to</u> – Defendant's Sense-Ability platform as a service (PaaS) systems (the "Sense Systems").

14. Sense Systems are cloud-based – and thereby server-based – technology. Defendant offers the Sense Systems in platform as a service (PaaS) – indicating that the Sense Systems are hosted and operated upon Defendant's servers, under Defendant's management and control.



[3]

15. Sense Systems are cloud-based – and thereby server-based – technology, operatively coupled to a plurality of private cloud and public cloud networked systems and devices ("networked resources").



16. Sense Systems access, integrate, process, analyze and perform actions on information and data from networked resources.



17. Sense Systems provide a user interface to access and/or analyze information and data from networked resources.



18. Sense Systems provide a user with functions to visualize and analyze data from networked resources.



19. Sense Systems collect, parse and store details concerning connection and context of networked resources, and maintains a schema for all networked resources.



20. Sense Systems can modify or initiate information retrieval from the networked resources via commands and/or queries initiated by a user.



21. Plaintiff herein restates and incorporates by reference paragraphs 11 – 20, above.

22. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within Sense Systems.

23. Sense Systems comprise a networked computer system that provides a resultant resource responsive to a transaction request.

24. Sense Systems comprise transaction processing constructs.

25. Sense Systems comprise a plurality of networked resources communicatively coupled to provide specific resources responsive to a transaction processed by Sense Systems.

26. Sense Systems maintain a registry of networked resources and resource characteristics for use in responding to transactions requests.

27. Sense Systems process a transaction request utilizing contextual elements related to the request.

28. Sense Systems select one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

29. Sense Systems generate a resultant resource responsive to the transaction request, and deliver that resultant resource to the user, via a user interface.

30. Sense Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

31. Sense Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

32. Sense Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

33. In the alternative, Sense Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. Sense Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Sense Systems and the claims of the '730 Patent are insubstantial.

34. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, Sense Systems and are therefore attributable to Defendant.

35. Sense Systems, when used and/or operated in their intended manner, or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and Defendant is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

January 14, 2021                              Respectfully Submitted,

By:  /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
AKOLOUTHEO, LLC**